{¶ 15} Because I believe the trial court correctly found the arbitration provision to be unconscionable, I respectfully dissent.
 {¶ 16} I am troubled by many aspects of the arbitration provision and the way it came to be applied to Kelley A. Reno. The provision reads:
 Notwithstanding the foregoing, in the event of any dispute between the Association and any Unit owner or Occupant that cannot be settled by agreement between them, no Unit owner or Unit owners shall institute legal proceedings against the Association without first submitting the dispute to arbitration in accordance with and pursuant to the provisions of the arbitration law of the State of Ohio then in effect (presently Chapter 2711 of the Revised Code of Ohio), by a single independent arbitrator selected by the Board. *Page 7 
 {¶ 17} First, the provision allows the condominium association to immediately go to court whenever there is an unresolved dispute. However, a unit owner must submit the dispute to arbitration.
 {¶ 18} Second, the condominium association gets to choose the arbitrator. The word "independent" is not defined.
 {¶ 19} The lead opinion suggests that the selection of an arbitrator who is not independent can be overturned by the common pleas court under R.C. 2711.10.
 {¶ 20} R.C. 2711.10 reads:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 . . . .
 (B) There was evidence partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 21} The statute does not say "evident partiality," as might be expected. The statute mentions "evidence partiality." I am not sure what constitutes "evidence partiality." I do not know why the statute has not been clarified or corrected by the legislature.
 {¶ 22} I see no statutory basis for disqualifying an arbitrator before the arbitration is conducted. A ten-year-old unreported case from Summit County (Morris v. Vinray Gen. Contrs. [Jan. 7, 1998], Summit App. No. 18435) is not binding on the courts of Franklin County and is not a legitimate substitute for statutory authority for contesting the arbitrator selected by the condominium association before the arbitration is conducted. Therefore, the arbitration has to be conducted and a written report *Page 8 
generated before partiality can be determined. This places a significant burden on a unit owner before a truly independent arbitrator is found.
 {¶ 23} Further, the contract does not reference dictionary.com or Webster's Collegiate Dictionary to provide a binding definition of "independent." So, how independent does the independent arbitrator have to be? Can it be merely someone who is not employed by the condominium association? Can it be an attorney who always seems to find for the condominium association? "Independent" is not defined, and can be whatever the condominium association chooses to make it, since the condominium association has complete authority to select the arbitrator or arbitrators.
 {¶ 24} Finally, I do not believe the trial court misinterpreted the provision about the costs of arbitration. The provision states that the condominium association and unit owner each "have rights of action." The unit owner's right of action is mandatory, binding arbitration. The condominium association's right of action is unlimited. The provision does not state the condominium association can be assessed any costs, only that the unit owner can be assessed costs. Presumably, the condominium association can assess the costs of forcing arbitration upon Kelley Reno under this provision, perhaps including all the costs of attorney fees and litigation incurred by the condominium association up to this point.
 {¶ 25} In short, I would find the arbitration and costs provisions to be unconscionable. Therefore, I would affirm the judgment of the trial court. Since the majority does not, I respectfully dissent. *Page 1